UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1-19-cv-0579

PAUL MEDIATE,
  on behalf of himself individually and others similarly situated,

**Plaintiff,**

v.

THE NUNEZ GROUP, LLC,
  d/b/a El Chingon Mexican Bistro, and
LORENZO NUNEZ JR., an individual,

**Defendants.**

# COMPLAINT

## INTRODUCTION

1. Plaintiff Paul Mediate ("Plaintiff"), worked as a server for Defendants' restaurant for almost two years, from August 23, 2016 until April 26, 2018. During this time, the restaurant frequently bounced his paychecks, paid him late, and improperly required him to tip out to "back of the house" staff (i.e. kitchen workers such as cooks and sous chefs). These pay practices applied not just to him but to other similarly situated employees as well.

2. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorney, on behalf of himself and others similarly situated, against Defendants The Nunez Group, LLC, d/b/a El Chingon Mexican Bistro, and Lorenzo Nunez Jr., an

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Order").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq*. A significant portion of the events giving rise to the instant litigation occurred at the Defendants' restaurant located at 4326 Tennyson Street, Denver, Colorado.

## PARTIES

**Defendant The Nunez Group, LLC** d/b/a El Chingon Mexican Bistro

6. Defendant **The Nunez Group, LLC** d/b/a El Chingon Mexican Bistro (hereinafter "El Chingon") is a corporation doing business within Denver County, and whose principal place of business is located at 4326 Tennyson St., Denver, CO 80212. Its registered agent is listed with the Colorado Department of State as Lorenzo Nunez Jr. at 3299 Lowell Blvd., #203, Denver, CO 80211.

7. Defendant El Chingon operates a restaurant located at 4326 Tennyson St., Denver, CO which does business as El Chingon Mexican Bistro.

8. At all relevant times, Defendant El Chingon had annual gross revenues in excess of

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mediate v. El Chingon Mexican Bistro*
USDC, District of Colorado

Complaint
Page 2

$500,000.

9. At all relevant times, Defendant El Chingon was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. Upon information and belief Defendant El Chingon purchases supplies, equipment and other necessary items to run its restaurant and serve its customers from out of state vendors. Furthermore, Defendant El Chingon advertises its restaurant to the entire world on the internet at http://elchingondenver.com. Defendant El Chingon also accepts payments by credit cards and, upon information and belief, utilizes the phone and internet lines to accept and transmit payments.

11. At all times material to this action, Defendant El Chingon was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Lorenzo Nunez Jr.**

12. Defendant Lorenzo Nunez Jr., an individual, resides in Denver County, upon information and belief.

13. At all times material to this action, Defendant Nunez actively participated in the business of the corporation.

14. At all times material to this action, Defendant Nunez exercised substantial control over the functions of the company's employees including Plaintiff. Defendant Nunez had the authority to hire and actually did hire Plaintiff, set Plaintiff's rate and method of pay, had the authority to fire Plaintiff, was the owner of the restaurant, directed day to day activities at the restaurant, was very involved in the day-to-activities at the restaurant, and was considered the primary boss.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

15. At all times material to this action, Defendant Nunez was an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

**Plaintiff Paul Mediate**

16. Plaintiff Paul Mediate is a resident of Westminster, Colorado, which is in Adams County.

17. Plaintiff Mediate worked for El Chingon Mexican Bistro as a server from August 23, 2016 to April 26, 2018, or thereabouts.

18. As a server, Plaintiff's primary duties and responsibilities were to greet the guests, take their orders and serve them food and drinks.

19. At all times material to this action, Plaintiff Mediate was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

20. In this position, Plaintiff Mediate regularly interacted with customers who are from all across the United States and the world and utilized Defendants' credit card machine to process payments.

21. Plaintiff's primary supervisor was Defendant Nunez.

22. On multiple occasions (more than a dozen) Plaintiff Mediate's paycheck from Defendants "bounced." In addition to not having access to the wages he had earned, this caused him to incur various bank fees and other expenses.

23. While in this position, Plaintiff Mediate's pay was based on a subminimum wage, plus tips.

24. In addition, Plaintiff Mediate, like others similarly situated, was required to pool his tips and share them with employees who do not customarily and regularly receive tips.

25. Plaintiff Mediate, like others similarly situated, was never provided with notice of any tip credit claimed by the Defendants.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mediate v. El Chingon Mexican Bistro*
USDC, District of Colorado

Complaint
Page 4

26. Plaintiff Mediate, like others similarly situated, was never informed of the tip credit provisions under federal or state law.

27. Plaintiff Mediate, like others similarly situated, was not provided with any documentation relating to daily and/or weekly tips earned.

28. Plaintiff Mediate was not paid at a rate of one- and one-half times his normal hourly rate for all hours over 40 worked in a workweek.

**FLSA Collective Plaintiffs**

29. Plaintiff brings the First Claim for Relief as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of all employees employed by Defendants on or after the date three years before the filing of the instant Complaint, in any location (the "FLSA Collective Plaintiffs").

30. Plaintiff foresees others in the same situation to join the collective.

31. Upon information and belief, all of the Defendants' tipped employees are paid an hourly rate below minimum wage, were not provided a tip notice, and/or have had their tips retained by management, have a common or substantially similar job descriptions and duties, and are subject to common or substantially similar policies and procedures.

32. In addition, upon information and belief, all of the Defendants' employees regardless of position were equally subject to having their paychecks "bounce" and therefore did not timely receive even the applicable minimum wage much less their full wages.

33. The FLSA Collective Plaintiffs are similarly situated, in that they have had substantially similar job duties and have been subject to common pay practices and decisions on the part of the Defendants. The FLSA claims of the Named Plaintiff alleged herein are essentially

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mediate v. El Chingon Mexican Bistro*
USDC, District of Colorado

Complaint
Page 5

the same as those of the other FLSA Collective Plaintiffs.

34. The identities of the individuals comprising the FLSA Collective are, or should be, readily ascertainable from Defendants' records. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, social media, or other appropriate methods of notice distribution.

**Rule 23 Class**

35. The Named Plaintiff brings the Second Claim for Relief as a Class Action pursuant to Fed. R. Civ. Proc. 23, on behalf of all employees employed by Defendant on or after the date three years before the filing of the instant Complaint within the state of Colorado (the "Colorado Class").

36. The number of, and identities of, the individuals comprising the Colorado Class are, or should be, readily ascertainable from Defendant's records. Notice can be provided to the Colorado Class Plaintiffs via means permissible under FRCP 23, correlative caselaw, and appropriate judicial guidance.

37. The precise number of persons is unknown, as such information is in the custody and control of the Defendants. However, upon information and belief, there are easily more than fifty (50) individuals in the proposed Colorado Class.

38. The proposed Class is so numerous that joinder of all members is impracticable. Further, the disposition of their claims as a class will benefit the parties and the Court.

39. The Named Plaintiffs' claims are typical of those claims which could be alleged by any member of the class. Further, the relief sought by the Named Plaintiffs is typical of the relief which could be sought by any member of the proposed Colorado Class. The Class members were all subject to the same practices, decisions, policies, plans, and customs of

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Defendant as alleged herein. There was nothing special about the Named Plaintiff that caused him to be treated differently than other Class members in regards to the pay methods to which they were subjected. Defendant benefitted from the unlawful withholding of wages due to members of the proposed Class and the Named Plaintiff in the same way. Though the exact amounts may differ, Plaintiff and other Class members incurred similar losses, injuries, and damages arising from Defendants' pay practices.

40. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Further, Plaintiff is represented by attorneys who are experienced and competent in class/collective action litigation, employment litigation, and wage and hour employment litigation in particular.

41. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. In wage and hour litigation involving low wage workers in particular, the individual Class members more often than not lack the financial, language, time, and other resources to vigorously prosecute a lawsuit against Defendants having superior bargaining positions. A class action will allow those similarly situated to prosecute their common claims together and minimize the need for duplicative efforts expended on their behalf. Though important and significant to Class members individually, the damages suffered by each of the individual Class members are relatively small relative to the costs associated with litigation; pooling them together therefore serves the end of efficiency.

42. In addition, important public interests will be served by treating this claim as a class action. Otherwise, there is a risk that some workers would be compensated according to the law and others not, resulting in a net benefit to Defendant for those who were improperly paid but for whom no damages are assessed.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

43. Further, many current and even former employees understandably fear untoward repercussions for asserting claims on their own. They therefore sometimes tolerate illegal treatment as an alternative preferable to having no job at all when in fact the Colorado requires proper and legal wage payments regardless of what some individuals may acquiesce to when faced with desperation and vastly unequal bargaining power positions. Class actions allow these unnamed workers to rest in their anonymity while seeing their rights vindicated.

44. There are questions of law and fact common to the Class that predominate over questions affecting class members individually. Some of these questions may include the following:

   a. Whether employees' pay "bounced" and/or was paid late;

   b. Whether tipped employees have been provided a tip notice;

   c. Whether tipped employees were required to share or pool their tips with workers who do not regularly and customarily receive tips;

   d. What Defendants' pay policies, practices, directives, instruction, programs, and procedures were for all relevant times;

   e. Whether Defendants maintained true and accurate time and payroll records; and

   f. What formulae are appropriate for calculating damages.

## **LEGAL CLAIMS**

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

45. Plaintiff and other similarly situated employees reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

### *Failure To Pay Minimum Wage*

46. Defendants failed to pay Plaintiff and other similarly situated employees the minimum wage for all hours worked, in violation of the FLSA.

47. Specifically, the Defendants failed to timely pay employees any wages at all during the workweeks in which paychecks "bounced."

48. Further, in regard to tipped employees, the Defendants engaged in improper tip pooling practices and failed to provide "tip notices," and therefore lose the entitlement to use the "tip credit." As such, they were obligated to pay the full amount of the applicable minimum wage rate for every hour worked for Plaintiff as well as all other workers who were paid a subminimum wage rate.

### *Improper Tip Pooling Practices*

49. Defendants demanded or accepted some part of gratuities received by or on behalf of the Plaintiff and other similarly situated employees, thereby abnegating any entitlement to a tip credit.

### *Improper Claim to Tip Credit Amount*

50. Defendants had a policy and practice of rounding reported tips up in such a way as to claim the full amount of tip credit when it was not entitled to do so.

51. The proper way to calculate overtime for a subminimum wage employee is minimum wage times 1.5 minus the applicable tip credit.

52. Defendants had a policy and practice of calculating Plaintiff's overtime rate by simply multiplying their subminimum wage rate by time and a half.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

53. Defendants had no good faith basis for believing that their pay practices as alleged above

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

were in compliance with the law.

54. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage, overtime, tip credits, and breaks. In paying Plaintiff and other similarly situated employees in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

55. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

56. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
#### COLORADO WAGE ACT VIOLATIONS

57. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

58. The Defendants were Plaintiff's "employers" as that term is defined by the Wage Order. 7 C.C.R. 1103-1(2).

    a. Plaintiff is an "employee" and Defendants are "employers" under the FLSA.

    b. Defendants employed the Plaintiff in a business or enterprise that sells or offers for sale a service, commodity, article, good real estate, wares or merchandise to the consuming public, and generates 50% or more of its annual dollar volume of business from such sales, and therefore in an industry regulated by the Wage Order. 7 C.C.R. §1103-1(2)(A).

    c. Defendants employed the Plaintiff in a business or enterprise that prepares and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

offers for sale, food or beverages for consumption either on or off the premises, and therefore in an industry regulated by the Wage Order. 7 C.C.R. §1103-1(2)(C).

59. Plaintiff is Defendants' "employee" as that term is defined by the Wage Order because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

### *Failure to Pay Wages In A Negotiable Instrument*
**(Violation of the C.R.S. §§ 8-4-102)**

60. When Defendants "bounced" paychecks, they failed to pay Plaintiff and others similarly situated in a manner such that at the time of the issuance, the maker or drawer had sufficient funds in or credit with the bank or other drawee for the payment of same, in violation of C.R.S. §§ 8-4-102(1).

### *Failure to Pay Wages When Due*
**(Violation of the C.R.S. § 8-6-103(1)(a))**

61. The Defendants failed to pay Plaintiff all his earned wages when due.

62. Specifically, when Defendants "bounced" paychecks, wages were also not timely paid to Plaintiff and others similarly situated, in contravention of C.R.S. §§ 8-4-103(1)(a).

### *Failure to Pay Minimum Wage*
**(Violation of the C.R.S. § 8-6-101 *et seq*.; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

63. The Defendants failed to pay Plaintiff at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

64. When Defendants bounced paychecks, they failed to pay Plaintiff and others similarly situated at or above the applicable minimum wage rate for those workweeks.

65. Defendants engaged in improper tip pooling practices and failed to provide "tip notices," and therefore loses the entitlement to use the "tip credit." As such, it was obligated to pay the full amount of the applicable minimum wage rate for every hour worked for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

as well as all other workers who were paid a subminimum wage rate.

### *Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

66. Plaintiff has been separated from employment with Defendants.

67. Defendants have failed to pay Plaintiff (and other separated employees) all his wages and compensation earned during his employment.

### *Improper Payment of Tips*
**(Violation of the C.R.S. § 8-4-103(6); Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1(10))**

68. The Defendants denied Plaintiff and others similarly situated the presents, tips, or gratuities intended for them.

### *Denial of Mandatory Rest Periods*
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq.*, Wage Order 7 C.C.R. 1103-1)**

69. Defendants did not pay Plaintiff and others similarly situated for all time worked under Colorado law because they did not provide them with 30 minute duty-free paid meal breaks for each five hours of work employees performed. Wage Order 7 C.C.R. 1103-1(7).

70. Defendants did not pay Plaintiff and others similarly situated for all of his time worked under Colorado law because they did not provide them with 10 minute duty-free paid rest breaks for each four hours of work employees performed. Wage Order 7 C.C.R. 1103-1(8).

### *Damages*

71. Plaintiff and others similarly situated are entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

(A) Certify Count I as a Collective Action pursuant to 29 U.S.C. §216(b); and

(B) Certify Count II as a Class Action pursuant to Fed. R. Civ. Proc. 23; and

(C) Award Plaintiff and others similarly situated unpaid and underpaid wages due under the FLSA and the Colorado Wage Laws; and

(D) Award Plaintiff and others similarly situated liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(E) Award Plaintiff and others similarly situated statutory damages as provided for by Colorado law; and

(F) Award Plaintiff a service award for his role as "Named Plaintiff"; and

(G) Award Plaintiff interest; and

(H) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(I) Award such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **27th** day of **February, 2019.**

AndersonDodson, P.C.

s/Penn Dodson
**Penn A. Dodson**
penn@andersondodson.com
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 tel.
(646) 998-8051 fax

Attorneys for Plaintiffs